**REYNOLDS METALS COMPANY,**
**Plaintiff,**

v.

**Thomas CROWTHER, et al., Defendants.**

**Civ. A. No. 82–1586–K.**

United States District Court,
D. Massachusetts.

Nov. 5, 1982.

Mark E. Robinson, Asst. U.S. Atty., Boston, Mass., for plaintiff.

Thomas E. Peisch, Burns & Levinson, Boston, Mass., for defendants.

## Memorandum

KEETON, District Judge.

In the matter before the court, plaintiff seeks to compel two employees of the Occupational Safety and Health Administration (OSHA) to testify, contrary to specific instructions of their superiors, concerning information acquired during pursuit of their official duties. Plaintiff is a third-party defendant in a private civil action in state court, which does not involve the Department of Labor or any of its employees as a party. After the two OSHA employees refused to testify in response to a state court subpoena, they were ordered to show cause why they should not be held in contempt. A petition for removal of the contempt proceeding was filed in this court on June 9, 1982, pursuant to 28 U.S.C. § 1442(a). Plaintiff subsequently filed a motion for remand of the proceedings to state court or, in the alternative, an order compelling the defendants to testify. Defendants submitted a motion for dismissal or summary judgment.

### I.

Initially, plaintiff asserts that this court lacks jurisdiction because contempt proceedings are neither "civil" nor "criminal" actions within the meaning of the removal statute, 28 U.S.C. § 1442(a). The removability of contempt proceedings initiated in state court against federal officials, however, is well-supported by case authority. *See North Carolina v. Carr,* 386 F.2d 129 (4th Cir.1967); *Wisconsin v. Schaffer,* 565 F.2d 961 (7th Cir.1977). A contempt action "regardless of whether it is called civil, criminal or sui generis, ... clearly falls within the language and intent of the statute." 386 F.2d at 131. The only

supporting case cited by plaintiff, *In Re Heisig*, 178 F.Supp. 270 (N.D.Ill.1959) has been rejected by the Seventh Circuit to the extent that it holds to the contrary. 565 F.2d at 964. To deny the removability of contempt proceedings would be contrary to the underlying purpose of the removal statute to ensure a federal form for cases in which federal employees must answer for conduct arising from their official duties.

## II.

 It is also well-established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of immunity from suit. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 692, 69 S.Ct. 1457, 1462, 93 L.Ed. 1628 (1949); 3A Moore's Federal Practice ¶ 19.15 at 19–297. In this instance, the refusal of the defendants to testify was at the direction of the Deputy Solicitor of Labor, pursuant to regulations of the Labor Department set forth at 29 C.F.R. 2.20 *et seq.* These regulations provide, *inter alia,* that an employee of the Department of Labor may furnish information in response to a subpoena only to the extent expressly authorized by the appropriate Deputy Solicitor of Labor. *See* 29 C.F.R. 2.20 and 2.22–2.24. No challenge has been made to the validity of these regulations, but only to the exercise of the Deputy Solicitor's discretion to bar such testimony.

The Supreme Court has specifically recognized the authority of agency heads to restrict testimony of their subordinates through this type of regulation. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 472–73, 71 S.Ct. 416, 421–22, 95 L.Ed. 417 (1951). In *Touhy,* the Court referred to the need for "centralizing determination" as to whether subpoenas should be obeyed or challenged, in view of the variety of information contained in government files. In the recent case of *Giza v. Department of Health, Education & Welfare,* 628 F.2d 748, 751 (1st Cir.1980), the district court relied on *Touhy* in upholding the authority of the Commissioner of Food and Drugs to prohibit testimony by an employee of that department in a private civil action under "housekeeping" regulations similar to those involved here.[1] The policy behind prohibition of testimony is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business.

Because of the nature of the programs it administers and enforces, OSHA is particularly vulnerable to the demands of private parties seeking information acquired as a result of official investigations concerning industrial accidents and other mishaps in the workplace. If OSHA employees were routinely permitted to testify in private civil suits, significant loss of manpower hours would predictably result. Despite these restrictions on testimony by its employees, the Department's policy is to make all non-privileged portions of the investigative file available, provided there is no ongoing enforcement action. Thus, the Department affords substantial accommodation in practice to the interests of private litigants, within limits consistent with the need for internal regulation of its affairs. Under analogous circumstances in *Larson,* the Supreme Court recognized the "necessity of permitting the Government to carry out its functions unhampered by direct judicial intervention." 337 U.S. at 704, 69 S.Ct. at 1468. The doctrine of sovereign immunity

---

1. Plaintiff seeks to distinguish *Giza* on the ground that plaintiff does not attempt to compel the testimony of the OSHA inspectors to secure their expert opinion as to the cause of the accident, nor does it desire to recover further information from the OSHA files under the Freedom of Information Act. While there are differences between this case and *Giza,* they do not bear significantly on the issue of a depart-

ment's authority to prohibit testimony of its employees under appropriate regulations. It should also be noted that *Giza* did not involve the question of state contempt proceedings against federal employees for refusal to testify in response to a subpoena. In the state court proceedings in that case, a subpoena had been authorized but apparently not yet issued at the time of the district court's decision.

confers such "protection from direct judicial interference." *Id.*

### III.

Plaintiff has failed to cite any case law in support of the proposition that this court should enforce the state court subpoena. Although plaintiff has not argued for enforcement as a matter of comity, such an argument would most likely be unavailing in any event. In *Giza,* 628 F.2d at 752, the court found unpersuasive the argument that general notions of comity require a federal court to enforce a state court subpoena. *Id.* The court also found that the Full Faith and Credit Clause and 28 U.S.C. § 1738 failed to provide any more solid ground for enforcement of state process:

> It is true that the statutory provision requires a federal court to give full faith and credit to the judicial proceedings of a state .... But we are unaware of any authority interpreting this statute so as to place an affirmative obligation on, and vest jurisdiction in, a federal court to enforce a state court subpoena .... In our minds, the prerogative of a federal court to enforce state process absent specific authorization remains doubtful.

*Id.* Moreover, the state court process seeking to compel these federal officials to testify, contrary to specific instructions of the Deputy Solicitor prohibiting their testimony, would seem to fall within the category of cases where governmental immunity from suit has been recognized.

Finally, this court lacks authority to compel these federal employees to testify pursuant to 28 U.S.C. § 1361, which provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Since the two OSHA employees owed no duty to the plaintiff to submit to a deposition, there is no mandamus jurisdiction. *See Giza,* 628 F.2d at 752. Plaintiff complains that the discretion vested in the Deputy Solicitor means that the Department is answerable only to itself in determining whether the testimony of its employees shall be permitted. This argument, however, goes too far. Given the factual background of these proceedings, it is unnecessary to determine under what circumstances a federal court could compel a federal employee to give testimony contrary to instructions from the head of a department. *See Touhy,* 337 U.S. at 469, 472, 69 S.Ct. at 419, 421; *Giza,* 628 F.2d at 752. The narrow basis of this court's decision clearly does not preclude appropriate judicial supervision of a department's exercise of discretion to prohibit testimony by its employees.

For the foregoing reasons, this court determines that it has removal jurisdiction and orders that the contempt proceedings against defendants be dismissed.