**HOTEL EMPLOYEES–HOTEL ASSOCIATION PENSION FUND, a/k/a Hotel Industry Pension Fund, Plaintiff,**

v.

**Buck TIMPERIO, Armando Vasquez, and Rafael Sanchez, Individually, Defendants.**

No. 83–1892–Civ.

United States District Court, S.D. Florida.

Oct. 15, 1985.

Bobbye D. Spears, William H. Berger, Atlanta, Ga., for U.S. Dept. of Labor.

Gary B. Sack, Miami, Fla., for defendants.

Allan M. Elster, Miami, Fla., for plaintiff.

## MEMORANDUM IN SUPPORT OF ORDER GRANTING MOTION OF WITHERS AND TRIMAS TO QUASH SUBPOENAS

ATKINS, District Judge.

### A. *Statement of the Case*

On January 6, 1984, plaintiff caused trial subpoenas duces tecum and ad testificandum to be served upon B.R. Withers, Jr., Area Administrator, Labor-Management Services Administration, Untied States Department of Labor, Miami, Florida, and Donald Trimas, Investigator in that office. They direct Mr. Withers and Mr. Trimas to produce "work records and reports prepared by the Department of Labor with respect to its audit of the Pension Fund's records concerning expense allowance procedures." In addition, the subpoenas seek testimony from Mr. Withers and Mr. Trimas on behalf of plaintiff because, the latter "has no independent means of verifying your investigative findings without the Department of Labor's cooperation." See letter from Allan M. Elster to Jesse Day, dated January 9, 1984 (see Exhibit A attached to defendant's memorandum).

It is also understood that plaintiff seeks the aforementioned testimony for purposes of admitting the requested records into evidence. A certified copy of all non-privileged portions of the investigative file has been provided to plaintiff.

B. *Mr. Withers and Mr. Trimas are Prohibited from Testifying in this Case by Virtue of Labor Department Regulations Set Forth at 29 CFR §§ 2.20 et seq.*

■ Labor Department regulations set forth at 29 CFR §§ 2.20–2.25, 46 Fed.Reg. 49542 (October 6, 1981) prohibit Labor Department employees from furnishing any information in response to a subpoena without the authorization of the Deputy Solicitor of Labor. The instant subpoenas have been brought to the Deputy Solicitor's attention and he has instructed Mr. Withers and Mr. Trimas, *inter alia,* not to testify in response to the subpoenas. See letter to B.R. Withers and Donald Trimas from Richard T. Galgay dated February 1, 1984 (see Exhibit B attached to defendant's memorandum). As noted in the letter, in view of the fact (a) that a certified copy of all non-privileged portions of the investigative file has been disclosed, and (b) the limited agency resources available to carry out the agency's congressionally mandated duties, the overall public interest would be served in this case by refraining from becoming involved in private litigation, and instead tending to the public business of enforcing pension laws. See also affidavit of Ronald G. Whiting, Deputy Solicitor of Labor (see Exhibit C attached to defendant's memorandum).

The validity of the Labor Department's regulation and the Deputy Solicitor's application of it has recently been upheld by three courts. *See Reynolds Metal Company v. Crowther,* 572 F.Supp. 288 (D.Mass. 1982); *Smith v. C.R.C. Builders Company, Inc.,* (D.Colo., Civil Action, No. 82–F–2120, decided Mar. 3, 1983); and *Brochard v. Burg,* (S.D.Fla. Civil Action No. 83–8208–Civ–ALH decided Oct. 25, 1983).

In *Reynolds Metals,* the court, relying on *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 474–73, 71 S.Ct. 416, 421–22, 95 L.Ed. 417 (1951), upheld the Department of Labor's refusal to allow an investigator with the Occupational Safety and Health Administration to testify in a private civil suit. In so ruling, the court recognized that "[t]he policy behind prohibition of testimony is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." 572 F.Supp. at 290. As the court said:

> Despite these restrictions on testimony by its employees, the Department's policy is to make all non-privileged portions of the Investigative file available, provided there is no ongoing enforcement action. Thus, the Department affords substantial accommodation in practice to the interests of private litigants, within limits consistent with the need for internal regulation of its affairs. *Id.*

The Court in *Smith,* again relying on *Touhy,* ruled that an employee of the Department of Labor could not be required to testify in a private civil suit without the approval of the Deputy Solicitor of Labor. And in *Brochard,* Judge Hastings of this Court followed *Touhy* in a similar context. As was held:

> The Supreme Court has specifically recognized the authority of agency heads to restrict the testimony of their subordinates through this type of regulation. [citing *Touhy* ] [1]

Accordingly, for the reasons expressed by the Supreme Court in *Touchy,* and the line of cases following that decision, the subpoenas to Mr. Withers and Mr. Trimas

---

1. A Department of Justice regulation similar to the one relied on here by the Department of Labor was recently upheld by the Eleventh Circuit in *United States v. Bizzard,* 674 F.2d 1382, 1387 (11th Cir.1982). *See also, United States Steel Corp. v. Mattingly,* 663 F.2d 68 (10th Cir. 1980).

should be quashed and vacated insofar as they required testimony at trial.[2]

C. *The Testimony of Mr. Withers and Mr. Trimas for Purposes of Admitting Official Department of Labor Documents Into Evidence*

■ Rule 803(8), Federal Rules of Evidence, provides that even though a declarant may be available as a witness, public records and reports are not excluded by the hearsay evidence rule and consequently are admissible. The rule defines public records and reports as follows:

(8) *Public records and reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ... or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

These same types of records are addressed in 28 U.S.C. § 1732 and include memorandums, writings, entries, prints, representations or combinations thereof, of any act, transactions, occurrence or event in the regular course of business. Records generated and compiled in the regular course of federal agency law enforcement investigations have repeatedly been held to be admissible and entitled to weight under these hearsay exceptions in private litigation. *See, Smith v. Universal Services, Inc.,* 454 F.2d 154 (5th Cir.1972) (report prepared by Equal Employment Opportunity Commission); *Bell v. Birmingham Linen Service,* 715 F.2d 1552, 1554 n. 4 (11th Cir.1983); *Local U. No. 59, Intern. Broth.*

*v. Namco Elec.,* 653 F.2d 143, 145 (5th Cir.1981) (findings of National Labor Relations Board); *Flacon v. General Tel. Co. of Southwest,* 626 F.2d 369, 382–83 (5th Cir. 1980) (report prepared by Department of Housing and Urban Development); *Hodge v. Seiler,* 558 F.2d 284, 288–89 (5th Cir. 1977) (investigative report prepared by Department of Housing and Urban Development; *Abdel v. United States,* 670 F.2d 73 (7th Cir.1982) (reports prepared by Department of Agriculture.

More particularly, reports generated and compiled in the regular course of Labor Department law enforcement investigations have been held to be admissible in private cases. *See, e.g., Taylor v. Baltimore and Ohio Railroad Company,* 344 F.2d 281, 285–87 (2nd Cir.1965) (records compiled in connection with a Longshoremen's and Harbor Workers' Compensation Act investigation.

It is thus clear that the certified copy of the investigative record made available in response to the subpoena is admissible by virtue of Rule 803(8), Federal Rules of Evidence, and 28 U.S.C. § 1732. Accordingly, to the extent the subpoenaed testimony is sought for purposes of admitting the investigative file into evidence, it is totally unnecessary.

---

**2.** In a letter dated January 27, 1983 from Mr. Withers to the Board of Trustees of plaintiff fund (See exhibit D attached to defendant's memorandum), he stated that while the Department of Labor did not intend to take legal action against those trustees who had failed to reimburse the fund, he was "authorized to provide relevant information concerning the findings and supporting documentation of our investigations to any interested party." This has been done. Nowhere has any representation been made that the Department of Labor would provide witnesses in any lawsuit which might be filed.