**ENVIRONMENTAL ENTERPRISES, INC., Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendants.**

**Misc. No. 87–228.**

United States District Court, District of Columbia.

July 10, 1987.

Virginia Hopkins, Taft, Stettinius & Hollister, Washington, D.C., for plaintiff.

Stephen L. Samuels, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for defendants.

ORDER

SPORKIN, District Judge.

The Environmental Protection Agency ("EPA") moves to quash two subpoenas issued by the Superior Court for the District of Columbia. The case was properly removed to this Court pursuant to 28 U.S.C. § 1442, without objection from the plaintiff. The two subpoenas order testimony and the production of documents in connection with a civil action pending in the Court of Common Pleas of Hamilton County, Ohio, captioned *State of Ohio v. Environmental Enterprises, Inc.,* No. A8701386. The defendant in that action ("EEI"), the party which got the Superior Court subpoenas, seeks to discover information concerning an ongoing EPA investigation.

Specifically, the EPA is presently in the process of determining whether to "authorize" an Ohio program under section 3006 of the Resource Conservation and Recov-

ery Act, 42 U.S.C. § 6926; if authorized, the program would operate in place of the federal hazardous waste program. The Ohio defendant's theory seems to be that if the EPA is not going to "authorize" the Ohio program, it can use this information as part of its defense in the Ohio action. The EPA contests this theory. Nonetheless, the parties do agree that the documents and testimony sought by the subpoenas concern an ongoing EPA determination.

The EPA therefore seeks to quash the subpoenas on the grounds that the information sought is protected by the deliberative process privilege, and that testimony would probe the mental processes of the agency's decisionmakers. The EPA also argues that the subpoenas must be quashed because they do not comply with internal EPA regulations concerning state court subpoenas, authorized by 5 U.S.C. § 301 and codified at 40 C.F.R. Part 2, Subpart C (1986). Finally, the EPA contends that it is not subject to a subpoena issued by a state or local court, with respect to actions to which it is not a party, in the absence of a waiver of sovereign immunity.

■ Each of the EPA's arguments has merit and therefore the subpoenas must be quashed. As to sovereign immunity, there is obvious merit to the argument that federal officers should not be subpoenaed to testify in state courts proceedings of which they are not parties without their approval.[1] Second, the internal EPA rules are established to serve important purposes[2] and the party seeking information from the agency should respect the agency's determination that, as in this case, the subpoe-

naed EPA employees cannot testify or produce documents as requested. Finally, the documents sought in this case are clearly part of an on-going EPA determination and thus are entitled to protection.

I understand the difficult position the EEI finds itself in, believing it could benefit from the information contained in the EPA's files. Accordingly, I believe it is part of an agency's function to do what it can—while remaining impartial—to comply with state court processes and, where possible, to release information not otherwise privileged. However, while I would encourage the agency to voluntarily cooperate as much as possible with state processes, I do not think it is appropriate for a state or local court to *order* federal officials to do so. If these courts could so easily subpoena federal officials, the officials might find themselves spending all of their time doing nothing but complying with state court orders and thus they would have little opportunity to pursue their important governmental responsibilities. Indeed, I believe the EPA regulations outlined above are conscientiously designed to deal with this very difficult issue—that is, to balance the work of the agency with the desire to cooperate as much as possible with local proceedings.

For these reasons, it is this 10th day of July, 1987, hereby

ORDERED that the petition for removal be granted and it is further

ORDERED that the subpoenas issued to the United States Environmental Protection Agency on June 19, 1987, by the Supe-

---

1. It appears to the parties and to this Court that the D.C. Circuit has never squarely addressed this issue of sovereign immunity. But I believe that if the circuit court were to address the issue, it would follow the lead of the other courts which have found sovereign immunity to apply in similar situations. *See, e.g., United States v. McLeod*, 385 F.2d 734 (5th Cir.1967) (federal officers could not be subpoenaed to testify before a state grand jury); *Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288 (D.Mass. 1982) (federal official's refusal to testify in response to state court subpoena protected by privilege of sovereign immunity). *Cf. Nation-*

*wide Investors v. Miller*, 793 F.2d 1044, 1048 (9th Cir.1986) (United States not subject to state garnishment action).

2. The stated purposes of the EPA regulations are: (1) to ensure that employees' official time is used only for official purposes; (2) to maintain the impartiality of EPA among private litigants; (3) to ensure that public funds are not used for private purposes; and (4) to establish procedures for approving testimony or production of documents when clearly in the interests of EPA. 40 C.F.R. § 2.401(c).

rior Court of the District of Columbia be quashed.