**William WADE, Plaintiff,**

v.

**SINGER COMPANY, Defendant.**

**No. 90 C 1406.**

United States District Court,
N.D. Illinois, E.D.

March 27, 1990.

Guy C. Vining, Trenton, Mich., George A. Jones, Detroit, Mich., for plaintiff.

Karen L. Mansfield, Office of the Solicitor, U.S. Dept. of Labor, Chicago, Ill., for Elizabeth Dole, Secretary of Labor, U.S. Dept. of Labor.

Fred W. Batten, Scott T. Patterson, Clark, Klein & Beaumont, Detroit, Mich., Bell, Boyd & Lloyd, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

ELAINE E. BUCKLO, United States Magistrate.

The Secretary of Labor, Elizabeth Dole, has filed a motion pursuant to Rule 26, Fed.R.Civ.P., to quash a subpoena issued by the United States District Court for the Northern District of Illinois requiring Gordon Carlson, Regional Director of the Job Corps of the Department of Labor in Chicago, Illinois to testify at a deposition in a case in the Eastern District of Michigan that is scheduled to go to trial on March 26, 1990. In support of her motion, the Secretary represents that "any information which Mr. Carlson may have with respect to this matter is contained in the agency's file," which she says is already in the possession of counsel seeking the deposition; that such documents are admissible in evidence without Mr. Carlson's testimony; and that pursuant to 29 C.F.R. § 2.20, *et seq.*, the Department of Labor "has made a valid determination ... that Mr. Carlson shall not appear and testify."

The Singer Company, which sought the subpoena and seeks Mr. Carlson's deposition testimony, in its response, agrees that it has whatever documents it wants and that they are admissible in evidence. It says, however, that it still needs Mr. Carlson's testimony. Singer also represents that, contrary to the Secretary's statement, it did, as required by 29 C.F.R. § 2.20, submit a short summary of the requested testimony, and that the Secretary knows from that summary that Mr. Carlson's testimony is in fact needed. Exhibit 2, attached to the Singer Company's Response to the Secretary of Labor's Motion to Quash Subpoena, appears to confirm Singer's representation that it submitted a summary. It is a letter addressed Karen L. Mansfield, the attorney representing the Department of Labor in this proceeding, dated February 26, 1990, that explains why Mr. Carlson's testimony is needed and summarizes the expected testimony.

The Department of Labor has not filed a reply to Singer's response. The only information I have available to me from either party regarding the nature of the underlying action in Michigan is contained in the February 26, 1990 letter referred to above. According to statements contained in the letter, in the spring of 1988, the Regional Director of the Job Corps conducted an annual review of the Singer's Detroit Job Corps Center. That review found deficiencies and violations that were reported in the "Annual Review." In conversations regarding that review, Mr. Carlson supposedly told Singer officials that he had "'grave concerns' regarding the management of the Detroit Job Corps Center." Exhibit 2 at 2. Singer (apparently its Job Corps Center is called "Career Systems" as referred to in the letter) "shared the Department of Labor's concerns regarding the Detroit Job Corps Center" and accordingly fired its director, the plaintiff in this action, William Wade. Subsequently, Mr. Wade sued Singer under Michigan law, alleging that he was discharged without good cause. Singer states that it needs Mr. Carlson's testimony to show that the Department of Labor considers the Annual Review an important factor in deciding whether to award an "option year" to the contractor[1] as well as "the importance of

---

1. The only explanation provided as to the mean-

ing of this term is that the Department of Labor

'Center management' in evaluating Center performance and the suitability of a contractor for being awarded an 'option year contract.'" *Id.*

■ The Department of Labor has cited numerous cases in support of its position that Mr. Carlson should not be required to comply with this subpoena. Many of them involve issues such as whether a federal court has jurisdiction to require compliance when the subpoena in question issued out of a state court and other tangential issues. Others involve the question whether a subpoenaed official can be required to produce documents in the face of an order by a superior, in accordance with regulations, not to produce them.[2] In these cases, the courts have agreed that such regulations are proper housekeeping procedures and that a supervisor can validly decide that decisions about releasing a department's documents are properly addressed to the supervisor. *E.g., United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951); *Saunders v. Great Western Sugar Company,* 396 F.2d 794 (10th Cir.1968), *Smith v. C.R.C. Builders Co., Inc.,* 626 F.Supp. 12 (D.Colo.1983). The Department of Labor's position in this case has, however, been upheld in several decisions. Unfortunately, in most, the court has merely recited prior authority such as *Touhy* without noting that the Supreme Court expressly withheld judgment on anything other than the narrow issue before it, and later similar cases or cases in which the court disposed of the issue on procedural grounds. *E.g., Hotel Employees–Hotel Association Pension Fund v. Timperio,* 622 F.Supp. 606 (D.C. Fla.1985); *Thornton v. Continental Grain Company and Tech–Air, Inc.,* No. 83–3009 (S.D.Ill.1985) (unpublished). The issue is discussed more fully in *Boron Oil Co. v. Downie,* 873 F.2d 67 (4th Cir.1989). That case also involved the problem of a subpoena issued in a state court proceeding. The court also discussed the rationale for regulations such as those in issue here, however, noting that federal government agencies have "a valid and compelling interest" in keeping employees "free to conduct their official business without the distractions of testifying in private civil actions in which the government has no genuine interest." *Id.* at 71. Similar views were stated by the court in *Reynolds Metals Co. v. Crowther,* 572 F.Supp. 288 (D.Mass.1982). That case also involved state court subpoenas on federal officials and the court concluded it did not have jurisdiction to enforce the subpoenas. It stated, in addition, that the "policy behind prohibition of testimony is to conserve governmental involvement in controversial matters unrelated to official business." *Id.* at 290.

Because of the nature of the programs it administers and enforces, OSHA is particularly vulnerable to the demands of private parties seeking information acquired as a result of official investigations concerning industrial accidents and other mishaps in the workplace. If OSHA employees were routinely permitted to testify in private civil suits, significant loss of manpower hours would predictably result.... *Id.*

The only decision I have found, apart from *Touhy,* that has addressed the issue of whether governmental regulations such as those relied on here can always shield federal employees from having to testify in

had a choice in that year to continue Singer's contract for one more year or to put it out for competitive bids.

**2.** Other decisions cited by the Department of Labor fail to provide the support for the instant motion implied or stated in their citation. Thus, in *United States v. Bizzard,* 674 F.2d 1382, 1387 (11th Cir.), *cert. denied* 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982), the court held that the refusal to require a former government official to testify was not error because the party seeking his testimony had failed to submit the affidavit or statement summarizing the desired testimony. That was, however, done here. In *Giza v. Secretary of Health, Education and Welfare,* 628 F.2d 748, 752 (1st Cir.1980), the court held that it had neither authority under the Freedom of Information Act, 5 U.S.C. § 522(a)(4)(B) nor under its mandamus power under 28 U.S.C. § 1361 to require a federal employer to comply with a state court subpoena. The Department of Labor's quotation of language from that opinion in its memorandum in support of its motion to quash is taken out of context and does not uphold the proposition for which it is quoted.

actions in which the federal government is not a party is *Saunders v. Great Western Sugar Company, supra,* 396 F.2d at 794. The court in *Saunders* had before it a subpoena duces tecum and agreed that regulations could force the party seeking documents to seek disclosure through the proper (higher) official. The court noted, however, that both parties in the underlying suit agreed that the requested information was relevant and that, accordingly, "some remedy must be afforded" unless a governmental privilege against disclosure existed. *Id.* at 795.

■ In the present case, the Secretary has not relied on a privilege to refuse to provide information, apart from the regulation discussed. Whether that regulation provides an absolute privilege from giving testimony in a private case need not be decided. The policy considerations articulated in several of the cases noted above support adherence to a governmental agency's decision not to allow its employees to give testimony at least where the party seeking the testimony fails to make a strong showing that the testimony is necessary. I conclude that showing has not been made in this case. First, the investigative report or Annual Review of the Job Corps facility in which Mr. Wade worked has been made available to the parties and Singer agrees the documents will be admissible in evidence. Thus, Mr. Carlson's testimony is not needed to authenticate the documents. The issue in this case is, as articulated in Exhibit 2 to Singer's response to the motion to quash, whether Singer had good cause to discharge Mr. Wade as the Center Director following a bad annual review by the Job Corps. Singer indicates it fired Mr. Wade because it "shared the Department of Labor's concerns regarding the Detroit Job Corps Center," Exhibit 2, presumably as expressed in the Annual Review. Singer does not claim that it was forced to discharge Mr. Wade because Mr. Carlson told it to take this action or that Mr. Carlson said anything apart from expressing "'grave concerns' regarding the management of the Detroit Job Corps Center," which Singer says it "shared." Mr. Carlson's testimony other-wise is apparently requested merely to articulate the Department of Labor's policy considerations in awarding contracts. This, however, is precisely the kind of testimony that an agency whose function is to serve the interests of the public as a whole, and not private interests, may justifiably wish to avoid for the reasons stated in *Reynolds Metals Co., supra.* Under these circumstances, I conclude that the Department of Labor did not act arbitrarily in refusing to authorize Mr. Carlson to testify. Since the testimony requested has not been shown to be necessary, the policy supporting regulations restricting testimony should prevail. The motion for a protective order quashing the subpoena in question is granted.