**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1407**

VALADOR, INC.,

Plaintiff – Appellant,

v.

HTC CORPORATION; VALVE CORPORATION; HTC AMERICA, INC.,

Defendants – Appellees,

and

HTC VIVE TECH (US) CORP.,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:16-cv-01162-TSE-JFA)

Argued: December 6, 2017

Decided: December 22, 2017

Before KING, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Douglas E. Kahle, WOLCOTT RIVERS & CATES, Virginia Beach, Virginia, for Appellant. Douglas Fred Stewart, BRACEWELL LLP, Seattle, Washington, for Appellees. **ON BRIEF**: Barry Dorans, WOLCOTT RIVERS & GATES, Virginia Beach, Virginia, for Appellant. David John Ball, BRACEWELL LLP, New York, New

York, for Appellees.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiff Valador, Inc., appeals from the final judgment in this lawsuit that it pursued in the Eastern District of Virginia. In its complaint, Valador alleges that HTC Corporation, HTC America, Inc., and Valve Corporation (collectively, the "defendants") contravened the Lanham Act by infringing upon Valador's federally registered trademark and service mark "VIVE," *see* 15 U.S.C. § 1114(1)(a), and engaged in unfair competition through the marketing, advertising, and selling of a virtual reality headset called the "HTC Vive," *see id.* § 1125(a). Additionally, Valador alleges that HTC Corporation's use of domain names containing the word VIVE constitutes unlawful cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act. *See id.* § 1125(d).

On March 3, 2017, the district court overruled Valador's objection to the magistrate judge's exclusion of evidence as a sanction for discovery violations under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and (c)(1). *See Valador, Inc. v. HTC Corp.*, No. 1:16-cv-01162 (E.D. Va. Mar. 3, 2017), ECF No. 283 (the "Sanctions Order"). Thereafter, on March 15, 2017, the court granted the defendants' motion to exclude testimony of an expert for Valador under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Valador, Inc. v. HTC Corp.*, No. 1:16-cv-01162 (E.D. Va. Mar. 15, 2017), ECF No. 290, *published at* 242 F. Supp. 3d 448 (the "Expert Order"). That same day, the court issued its decision denying Valador's motion for summary judgment and granting the defendants' cross-motion for summary judgment on Valador's claims of trademark infringement, unfair competition, and cybersquatting. *See Valador, Inc. v. HTC Corp.*,

No. 1:16-cv-01162 (E.D. Va. Mar. 15, 2017), ECF No. 291, *published at* 241 F. Supp. 3d 650 (the "Summary Judgment Decision"). The court also entered an order implementing the Summary Judgment Decision, which constitutes the final judgment. *See Valador, Inc. v. HTC Corp.*, No. 1:16-cv-01162 (E.D. Va. Mar. 15, 2017), ECF No. 293 (the "Final Judgment").

Valador timely noted this appeal from the Final Judgment. On appeal, Valador challenges the Sanctions Order, the Expert Order, and the Summary Judgment Decision. We possess jurisdiction pursuant to 28 U.S.C. § 1291.[*]

We review for abuse of discretion a district court's exclusion of evidence as a sanction under Rule 37. *See Anderson v. Found. for Advancement*, 155 F.3d 500, 504 (4th Cir. 1998). Similarly, we review a court's decision to exclude expert testimony under Rule 702 for abuse of discretion. *See Distaff, Inc. v. Springfield Contracting Corp.*, 984 F.2d 108, 111 (4th Cir. 1993). Finally, we review de novo a court's award of summary judgment on trademark infringement, unfair competition, and cybersquatting claims. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006) (trademark infringement and unfair competition); *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269 (4th Cir. 2001) (cybersquatting).

---

[*] The defendants contend that, because the notice of appeal identified only the Final Judgment implementing the Summary Judgment Decision, we lack jurisdiction to review the Sanctions Order and the Expert Order. It is elementary, however, that by appealing from the Final Judgment, Valador may raise appellate contentions concerning prior rulings and orders.

We have carefully assessed each of Valador's appellate contentions. After considering the various submissions of the parties and with the benefit of oral argument, we are satisfied that the district court did not err in its Sanctions and Expert Orders. We also readily adopt the court's carefully crafted and well-reasoned Summary Judgment Decision in favor of the defendants. We therefore reject each contention of error and affirm.

*AFFIRMED*