**STATE OF NORTH CAROLINA,**
**Appellant,**

v.

**Gordon S. CARR, Appellee.**

**No. 11292.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1967.

Decided Nov. 6, 1967.

Francis O. Clarkson, Jr., Charlotte, N. C. (Elliott Schwartz, Charlotte, N. C., on the brief), for appellant.

John C. Eldridge, Atty., Dept. of Justice (Carl Eardley, Acting Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, and William Medford, U. S. Atty., on the brief), for appellee.

Before SOBELOFF, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

The State of North Carolina appeals from an order of the United States District Court at Charlotte voiding a judgment of a State court holding an agent of the Federal Bureau of Investigation in contempt. The finding of contempt rested on the agent's refusal, pursuant to the instructions of the Attorney General of the United States, to answer questions propounded to him when called as a witness in a private civil action then on trial in the State court. As the contempt order now presents only an academic question, we dismiss the appeal as moot.

In the private litigation, plaintiff was seeking to recover damages for fraud on the allegation that the defendant had sold him a Trailmobile trailer knowing it to be a stolen vehicle. The agent was subpoenaed by the plaintiff to testify to his official investigation of the imputed larceny, to produce the FBI records compiled in the course of that inquiry and to bring with him also a piece of the Trailmobile bearing its serial number.

The agent appeared in the State court with an Assistant United States Attorney and, pleading the Attorney General's instruction, moved to quash the subpoena. This official directive was supported by the Attorney General's order No. 324–60, which appears as Section 16.1 et seq., Title 28, Code of Federal Regulations. The regulations promulgated by this order forbid any such testimony or production by an agent without the prior approval of the Attorney General.

The State court on February 1, 1967 overruled the motion, and the agent was called to the stand. After he declined to answer, he was cited and held in contempt. The judgment was that the agent be imprisoned until he should answer the questions. Execution of this order was stayed until the completion of the defendant's evidence.

On the same day, February 1, 1967, a petition was filed to remove the contempt proceeding from the State court to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1442, infra.[1] At the same time the District Court awarded a temporary restraining order against enforcement of the contempt conviction and set the petition for hearing on February 6th. Meanwhile, North Carolina sought remand of the removal on the ground that contempt was not within the scope and intent of 28 U.S.C. § 1442, which as pertinent reads as follows:

"§ 1442. Federal officers sued or prosecuted

"(a) A civil action or criminal prosecution commenced in a State court

---

1. This petition followed the procedure prescribed by 28 U.S.C. § 1446.

against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *."

After a final hearing, the District Court delivered its opinion on February 15th that the case was a criminal contempt removable under 28 U.S.C. § 1442 (a), that the agent had acted under color of his office in the performance of his duties, that the Attorney General's order was valid, and hence the agent's refusal to testify did not constitute contempt and the order of conviction was of no effect. On February 21, 1967 the remand was denied and the contempt proceeding dismissed. The State appeals this order.

The issue is whether or not the contempt proceedings constituted a "civil action or criminal prosecution commenced in a State court" within the meaning of 28 U.S.C. § 1442(a). The District Court classified the present proceeding as "criminal." The Government argues that it was "civil." The State urges that it was neither, but rather "sui generis." Accordingly, the State says, it was not either a "civil action" or "criminal prosecution" within the meaning of the removal statute. We think it unfruitful to quibble over the label affixed to this contempt action. Regardless of whether it is called civil, criminal, or sui generis, it clearly falls within the language and intent of the statute.

▇ The purpose of the statute is to take from the State courts the indefeasible power to hold an officer or agent of the United States criminally or civilly liable for an act allegedly performed in the execution of any of the powers or responsibilities of the Federal sovereign. Neither immunity nor impunity is guaranteed the alleged offender; the statute merely transfers his trial to the Federal courts. Insistence upon the right of removal has been declared

essential to the integrity and preeminence of the Federal government within its realm of authority. The reasons for the statute are so apparent, and were so clearly expounded, with its history carefully treated, in State of Tennessee v. Davis, 100 U.S. 257, 262, 25 L.Ed. 648 (1879), that we have no occasion to reiterate here the necessity for its rigid enforcement.

▇ To repeat, the central and grave concern of the statute is that a Federal officer or agent shall not be forced to answer for conduct assertedly within his duties in any but a Federal forum. Thus the statute looks to the substance rather than the form of the state proceeding; this is the reason for the breadth of its language. Accordingly, the applicability of the statute to the present case is perfectly apparent. By citing Carr for contempt, the State court attempted to subject him to incarceration until such time as he complied with the Court's order and thus disobeyed the directive of his superior officers. A statute designed to permit Federal officers to perform their duties without State interference clearly applies to such a situation, regardless of the label the State chooses to affix to its action.

▇ Therefore we think the District Court properly took cognizance of the case. However, during the oral argument we were informed that the private civil action had been settled and is no longer extant. Thus, it appears that compliance with the order of the State court—that the agent testify and produce material relating to his investigation of the incident on which the civil action was predicated—is not now possible. Similarly, the agent cannot now purge himself of contempt by obeying the State court order. Consequently, no matter which party should prevail here, any order entered on the decision would be of but academic force. The issues on this review thus tender only moot questions and hence the appeal must be dismissed.

Appeal dismissed.