**Kenneth G. LAMERAND, Petitioner,**

**v.**

**Ginette R. LAMERAND, Respondent.**

**United States Air Force, Joined Party Claimant.**

**No. CV 79–4761–WMB.**

United States District Court,
C. D. California.

Oct. 28, 1980.

David E. Pastrana, Huntington Beach, Cal., for petitioner.

Joseph G. Lutes, Westminster, Cal., for respondent.

Andrea Sheridan Ordin, U. S. Atty., Stephen E. O'Neil, Asst. U. S. Atty., Los Angeles, Cal., for U. S. of America and U. S. Air Force.

## ORDER DISMISSING PARTY CLAIMANT AND REMANDING ACTION

WM. MATTHEW BYRNE, Jr., District Judge.

This divorce action between Kenneth and Ginette Lamerand was filed in California Superior Court in Los Angeles County. Kenneth Lamerand, a retired United States Air Force ("Air Force") employee, has an interest in the Air Force retirement plan. Ginette Lamerand moved successfully in Superior Court to join the Air Force as a party claimant in the divorce action.[1] From the documents before the Court, it is unclear whether Ginette Lamerand claims a community property interest in the retirement plan, the right to satisfy child support or alimony obligations from the plan, or both.

The Air Force removed the action pursuant to 28 U.S.C. § 1441 et seq.[2] The Air Force now moves to dismiss the action as to them on the grounds of sovereign immunity, pursuant to Rule 12(b)(6).

■ An action such as this against the Air Force to obtain benefits under its retirement plan would expend itself on the public treasury and is thus considered to be an action against the United States. Arnold v. United States, 331 F.Supp. 42, 43 (S.D.Tex.1971); Applegate v. Applegate, 39 F.Supp. 887 (E.D.Va.1941). It is well set-

tled that the doctrine of sovereign immunity bars suits against the United States except where it clearly and explicitly consents to be sued. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); Dalehite v. United States, 346 U.S. 15, 30, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). Therefore, this action can proceed against the Air Force only if Congress has specifically authorized such a suit, thus removing the bar of sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Mitchell v. Riddell, 402 F.2d 842 (9th Cir. 1968), cert. denied and appeal dismissed, 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969).

■ The only enactment of Congress which could arguably be read to authorize this suit is 42 U.S.C. § 659 which provides, in pertinent part:

(a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration from employment) due from, or payable by, the United States . . . (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States . . . were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

A statute which waives sovereign immunity must be read narrowly, and interpreted in

---

1. The Air Force was joined as a party claimant under provisions of California law which allow the court clerk to "enter an order joining as a party to the proceeding any employee pension benefit plan in which either party to the proceeding claims an interest which is or may be subject to disposition by the court." Cal.Civ. Code § 4363.1(a) (West Supp.1979).

2. Removal is proper pursuant to § 1442(a)(1), which authorizes removal of actions brought against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office

. . . ." See Overman v. United States, 563 F.2d 1287 (8th Cir. 1977); Williams v. Williams, 427 F.Supp. 557 (D.Md.1976). Cf. Wilhelm v. United States Department of Air Force, 418 F.Supp. 162 (S.D.Tex.1976); Golightly v. Golightly, 410 F.Supp. 861, 862 n.2. (D.Neb.1976); Morrison v. Morrison, 408 F.Supp. 315 (N.D.Tex.1976); West v. West, 402 F.Supp. 1189 (N.D.Ga.1975). Having held that removal is proper under one section, the Court need not consider whether removal might also be appropriate under another provision.

the manner most favorable to the government. *See McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951). The Air Force retirement pay involved in this action is included within the scope of the term "moneys (the entitlement to which is based upon remuneration for employment)." 42 U.S.C. § 659(a); *Watson v. Watson*, 424 F.Supp. 866 (E.D.N.C.1976). However, § 659 waives sovereign immunity only for "legal process," which term is defined to mean: "any writ, order, summons, or other similar process in the nature of garnishment ...." 42 U.S.C. § 662(e). While the precise nature of this action against the Air Force is not clear, it does not appear to be in the nature of a garnishment for a pre–existing debt. Rather it is an action to adjudicate the interests of the parties in the retirement fund.

Moreover, even if this action could be characterized as a "legal process," § 659 waives sovereign immunity only if it is "brought for the *enforcement*, against such individual of his *legal obligations* to provide child support or make alimony payments." 42 U.S.C. § 659(a) (emphasis added). An action cannot be brought to enforce a legal obligation until after that obligation is established by a judgment, order or decree of court.[3] There is as yet no such judgment, order or decree in this case because the divorce has not been adjudicated and the obligations of the parties are not established. Thus, to the extent that this action against the Air Force is based upon a theory that the retirement benefits may eventually be used to satisfy child support or alimony obligations of Kenneth Lamerand, it is premature and barred by the doctrine of sovereign immunity.

█ If Ginette Lamerand's action against the Air Force is one asking a determination of her community property rights in the retirement plan, the suit is barred by the doctrine of sovereign immunity. Section 659 contains no explicit waiver of sovereign immunity as to any suit to determine or obtain a community property interest. The statute only subjects the United States to legal process to enforce the obligation of a beneficiary of a retirement plan to provide child support or make alimony payments. Where a statute waives sovereign immunity in one limited area, it should not be read to reflect a broader intent to remove the bar of sovereign immunity in areas not specifically provided for. *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977); *Brockelman v. Brockelman*, 478 F.Supp. 141, 143 (D.Kan.1979); *see Marin v. Hanfield*, 546 F.2d 1230 (5th Cir. 1977); *Kelly v. Kelly*, 425 F.Supp. 181, 183 (W.D. La.1977).

█ Thus, regardless of the exact nature of Ginette Lamerand's claim against the Air Force, her suit is barred by the doctrine of sovereign immunity. All claims against the Air Force are dismissed for failure to state a claim upon which relief can be granted, and the Air Force is dismissed from the action.

The federal defendant having been dismissed, the remainder of the case is remanded to the court in which it was originally brought, which is a more appropriate forum for the resolution of the underlying divorce action. *See Overman v. United States, supra*, 563 F.2d at 1292 n.2.

IT IS SO ORDERED.

---

3. This interpretation is strengthened by the definitions of "child support" and "alimony" as used in § 659. 42 U.S.C. §§ 662(b) and (c). Both definitions allow attorney's fees, interest, and court costs to be satisfied by way of a garnishment action against the United States under § 659 "when and to the extent that the same are expressly made recoverable as such *pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction.*" (emphasis added). This indicates a congressional intent to waive immunity under § 659 only after a "decree, order, or judgment" has been entered.