**NATIONWIDE INVESTORS,**
**Plaintiff-Appellant,**

v.

**Lawrence B. MILLER, et al.,**
**Defendants.**

**In re Lee WHISLER,**
**Respondent-Appellee.**

**No. 85–2272.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 1986.

Decided July 3, 1986.

James Joseph Lynch, Jr., Sacramento, Cal., for plaintiff-appellant.

Joseph A. Maloney, Sacramento, Cal., for respondent-appellee.

Before KENNEDY and FARRIS, Circuit Judges, and WILLIAMS,* Senior District Judge.

PER CURIAM:

Nationwide obtained a judgment in state court for back rent against Miller, a civilian employee of the Army Air Force Exchange Service. Nationwide then procured an order from the Sacramento Municipal Court compelling Lee Whisler, a federal employee and Personnel Assistant at the air force base where Miller works, to appear for examination in connection with Nationwide's attempt to garnish Miller's wages. The Order to Appear threatened arrest and charges of contempt upon failure to appear.

* Honorable David Williams, Senior United States District Judge for the Central District of Califor-

Whisler removed to federal court. The district judge (Ramirez, J.) quashed the Order to Appear and granted Whisler's motion to dismiss on the ground that the United States has not waived its sovereign immunity from state garnishment proceedings that do not involve certain specific statutory exceptions. We affirm.

I. Removal to federal district court.

Congress in 28 U.S.C. Section 1442(a)(1) provided for removal of any "civil action or criminal prosecution commenced in a State court against ... [a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office...."

Nationwide, the creditor seeking garnishment, argues that garnishment is not a "civil action" and cannot be removed. We review de novo questions involving jurisdiction and statutory interpretation. Clayton v. Republic Airlines, Inc., 716 F.2d 729, 730 (9th Cir.1983); United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc).

We have not addressed the precise issue presented by this case: is a state court garnishment proceeding, to which a federal officer acting under color of office has been summoned, a "civil action" within § 1442(a)(1) and therefore removable to federal district court? We hold that it is.

In Swanson v. Liberty National Insurance Co., 353 F.2d 12, 13 (9th Cir.1965), we held that the characterization of a garnishment proceeding is a question of federal law and that the Alaska proceeding in that dispute was a "civil action" under 28 U.S.C. § 1441. The instant case involves § 1442(a)(1) rather than § 1441, but the language that we are construing ("civil action") is the same. Other courts agree that the right of removal conferred by § 1442(a)(1) is to be broadly construed. See Overman v. United States, 563 F.2d 1287, 1290-91 (8th Cir.1977); North Car-

nia, sitting by designation.

*olina v. Carr,* 386 F.2d 129, 131 (4th Cir. 1967); *Lamerand v. Lamerand,* 499 F.Supp. 1109, 1110 n. 2 (C.D. Cal.1980); *Young v. Young,* 547 F.Supp. 1, 2–3 (W.D. Tenn.1980); *Williams v. Williams,* 427 F.Supp. 557, 563–67 (D.Md.1976).

The Supreme Court has explicitly endorsed a broad reading of § 1442 rather than "a narrow, grudging interpretation." *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). The Court in *Willingham* reviewed the history of § 1442, from its earliest version in 1815 to its present form, *id.* at 405–06, 89 S.Ct. at 1815, concluding that "the federal officer removal statute is not 'narrow' or 'limited.' [Citation omitted.] At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Id.* at 406–07, 89 S.Ct. at 1816. In the instant case, Whisler asks to assert her defense of sovereign immunity in federal court; *Willingham* gives her this right.

In *Cook v. Peter Kiewit Sons Co.,* 775 F.2d 1030, 1034 (9th Cir.1985), we allowed removal by an attorney representing the United States who had been sued in state court because he had submitted an *amicus curiae* brief in a previous case involving the same plaintiff. We held that the only prerequisite to removal of a civil action under § 1442(a)(1) is that it be "brought against" a federal officer or agency. *Id.* at 1034. In the instant case, Whisler, the federal officer, is threatened with a fine or imprisonment if she fails to appear. These consequences are sufficiently real that her case fits under the broad category of actions "brought against" a federal officer. She is not named as a defendant, but she is threatened with the state's coercive power nonetheless.

Nationwide relies on *Franchise Tax Board of California v. United States Postal Service,* 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), which contains dicta expressing doubt about removal of garnishment proceedings involving the Postal Service. *Id.* 104 S.Ct. at 2556 n. 19.

But garnishment proceedings against postal employees are *sui generis* due to the special statutory provision concerning suits against the Postal Service. *See* 39 U.S.C. § 401(1).

We do not ignore those cases which hold that garnishment proceedings are not "civil actions" and thus not removable. *See Loftin v. Rush,* 767 F.2d 800, 804 (11th Cir. 1985); *Murray v. Murray,* 621 F.2d 103, 106–08 (5th Cir.1980); *Western Medical Properties Corp. v. Denver Opportunity Inc.,* 482 F.Supp. 1205, 1207–08 (D.C.Col. 1980); *West v. West,* 402 F.Supp. 1189, 1191 (N.D.Ga.1975). Rather we disagree with their rationale.

The rationale behind barring removal in these cases is that the United States is a mere stakeholder whose substantive obligations remain the same in the state and federal courts. Because the government has nothing at stake beyond the address of its payroll check, the argument goes, disposition of the case in state court does not interfere with the actions of a federal official or the operations of the federal government. *Murray,* 621 F.2d at 107.

The flaw in this reasoning is that the government will always have the practical election to remove no matter what this court decides. If the government chooses to ignore the state court summons, the plaintiff in the state court action will then be forced to sue the government directly. At that point, the government will be a defendant in a "civil action" and under the literal terms of § 1442(a)(1) will be able to remove. If the state court issues a decree in the absence of the government, the party who won the decree will then sue the government to enforce the state court decree. As a defendant in a "civil action," the government will again be able to remove. *See Young v. Young,* 547 F.Supp. 1 (W.D.Tenn.1980). Or, in a case such as the instant one, if a federal officer disobeys the state court Order to Appear, she could be prosecuted for contempt and could then remove under § 1442(a)(1) as a federal officer "sued or prosecuted" in state court. *See Carr,* 386 F.2d at 131.

In all these examples, the government will have the power to remove simply by waiting to be sued directly, at which time the language of § 1442(a)(1) will apply. Nothing more is at stake at this later point than at the time of the initial Order or summons, yet removal is unquestionably appropriate when, by its inaction, the government is a named defendant in a civil action and § 1442(a)(1) by its terms allows removal. The Fifth Circuit's ban on removal at the initial stage is worse than an empty gesture, because it encourages the government to disobey state court process so that the government can obtain a federal forum.

The practical structure of garnishment proceedings supports our decision to allow removal under § 1442(a)(1). The United States has waived its sovereign immunity from garnishment only in cases of divorce and child support (42 U.S.C. § 659), cases against postal workers (39 U.S.C. § 401(1)) and a few other isolated situations (such as cases involving the Federal Housing Authority; *see FHA v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)). A federal officer who receives a summons in garnishment from a state court in one of these cases where the United States has waived sovereign immunity will presumably elect not to remove because the garnishment will occur regardless of the forum. Removal will afford the government no practical or legal advantage in these cases. Only if there is something truly at stake which the government wishes to be adjudicated in federal court will the government choose to remove, and it should be able to do so in those cases.

The Fifth Circuit holding in *Murray* is deceptively simple: it prohibits removal when the government has nothing at stake. But if the government had nothing at stake, it would not go to the trouble of removing. Despite the Fifth Circuit's assumption that nothing was at stake in *Mur-*

*ray*, our reading of that case reveals that the government did have something at stake. It was challenging what it regarded as an erroneous state court ruling on a question of federal law. In 1977 Congress had withdrawn a portion of its prior waiver of sovereign immunity by retracting Veterans' Administration benefits from the reach of garnishment for divorce and child support under 42 U.S.C. § 659(a). Despite this, a state court had already allowed Mrs. Murray to garnish her ex-husband's VA benefits. When she attempted to do this a second time, the government sought to remove the case to federal court in order to correct this ruling. The Court of Appeals thwarted this effort by denying removal.

Similarly, in the instant case the government has something at stake that is not encompassed within the four corners of Mr. Miller's federal paychecks. Because this is not a divorce or child support case where the United States has clearly waived its sovereign immunity, the government is defending against a challenge which, if successful, would allow potential garnishment of millions of dollars of the federal payroll.[1] The administrative costs alone of such a result would be enormous. With a ruling of such potential federal impact at stake, § 1442(a)(1) should be interpreted to provide the government a federal forum.

We choose to follow our own precedent in *Swanson*, the lead of the Supreme Court in *Willingham*, and those circuits which have read broadly the removal provisions of § 1442(a)(1). At least part of the purpose of § 1442(a)(1) is to prevent state courts from unlimited exercise of their subpoena power against federal officers upon pain of contempt. The form of the action is not controlling; it is the state's power to subject federal officers to the state's process that § 1442(a)(1) curbs. *See Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969) (quoting

---

**1.** Nationwide in its Opening Brief at 3–4 estimates that federal civilian employees account for approximately $2,305.79 million in outstanding debt. At a 3% default rate, federal civilian employees could, in Nationwide's calculation, result in defaults of $259 million annually, all of which would be subject to garnishment if the United States waived its sovereign immunity in judgment creditor-debtor situations.

*Tennessee v. Davis,* 10 Otto 257, 263, 100 U.S. 257, 263, 25 L.Ed. 648 (1880)); *North Carolina v. Carr,* 386 F.2d 129, 131 (4th Cir.1967); *Williams v. Williams,* 427 F.Supp. 557, 563 (D.Md.1976).

II.   Federal district court jurisdiction.

 ·Having decided that garnishment is a civil action removable under 28 U.S.C. § 1442(a)(1), we must consider whether the district court's dismissal of the garnishment action was proper.  We review the district court's decision to dismiss the garnishment action de novo.  *Trerice v. Pedersen,* 769 F.2d 1398, 1400 (9th Cir.1985).

■ In this case there was no waiver of the United States sovereign immunity and consequently no state court jurisdiction over Nationwide's garnishment action. The United States has waived its immunity to such actions only in cases of child support and alimony, 42 U.S.C. § 659, in cases involving postal workers, *see* 39 U.S.C. § 401(1), and in a few other isolated situations such as cases involving the Federal Housing Authority, *see FHA v. Burr,* 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940).  The statutes cited by Nationwide (28 U.S.C. § 1739 relating to full faith and credit accorded to state nonjudicial records and 28 U.S.C. § 2410 relating to actions affecting property on which the United States has a lien) have never been construed to allow garnishment against a federal employee.  Since the state court, and therefore the district court on removal, lacked jurisdiction over the action against the federal officer, the district court properly dismissed the garnishment action.  *See Aminoil U.S.A., Inc. v. California State Water Resources Control Board,* 674 F.2d 1227, 1232, 1237 (9th Cir.1982) (dismissing action against EPA Administrator removed under section 1442(a)(1) for lack of state court jurisdiction); 1A J. Moore, Moore's Federal Practice § 0.164[2], at 404–05 (1985).

---

\* The panel unanimously finds this case suitable for decision without oral argument.  Fed.R.

The judgment of the district court is AFFIRMED.