David N. Williams, Asst. U.S. Atty., Albuquerque, NM, for petitioner.

Virginia L. Ferrara, Chief Disciplinary Counsel, Albuquerque, NM, for respondent.

**In the Matter of Robert J. GORENCE An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 92–CV–0405–JB.**

United States District Court, D. New Mexico.

Dec. 28, 1992.

**ORDER GRANTING THE DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NEW MEXICO'S MOTION TO REMAND**

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon the Disciplinary Board's Motion for Remand, and the Court having reviewed the material on file herein, having heard oral argument, and being fully advised in the premises, FINDS and ORDERS as follows:

*Background*

Petitioner Robert E. Gorence ("Gorence") is an Assistant United States Attorney in the state of New Mexico. Gorence success-

fully prosecuted two extortionists, Brian Ellzey and his father, David Ellzey. During the investigation of David Ellzey, Gorence contacted Brian Ellzey three different times without advising Brian Ellzey's attorney, assistant federal public defender Peter Schoenburg ("Schoenburg"). Apparently, Gorence contacted Brian Ellzey in an effort to persuade Brian to testify against his father. The parties dispute whether Schoenburg still represented Brian Ellzey at the time of the contacts by Gorence.

After the first contact, Schoenburg called Gorence to protest. Schoenburg subsequently filed a complaint against Gorence with New Mexico's Disciplinary Board alleging that Gorence's contact with Brian Ellzey was unethical. The Disciplinary Board conducted an investigation which focused on the allegation that Gorence violated Rule 16–402 of New Mexico's Rules of Professional Conduct. The rule directs that "in representing a client a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

The hearing officer who conducted the investigation found probable cause to believe Gorence had violated the rule. The Disciplinary Board offered Gorence an informal admonition regarding his conduct which Gorence rejected. In turn, the Disciplinary Board filed a formal specification of charges against Gorence. Gorence removed the case to federal court under 28 U.S.C. § 1442(a)—the federal officer removal statute. The case was reassigned to this Court.

### Discussion

The issue before this Court is whether Gorence may properly remove his disciplinary proceeding to federal court. For reasons outlined below, the Court holds that

Gorence may not so remove and that this case must be remanded to the New Mexico Disciplinary Board.

Gorence argues that his case may be properly removed to federal court pursuant to 28 U.S.C. 1442(a), which states, in relevant part, that

(a) A *civil action or criminal prosecution* commenced in a state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States ... for *any act under color of such office* or on account of any right, title of authority claimed under any act of Congress for the apprehension and punishment of criminals ... (emphasis added).

For removal to be proper under the statute, the law requires that three related elements be satisfied by the party seeking removal: (1) the subject action or prosecution must be civil or criminal pursuant to § 1442(a), (2) the party must be an officer of the United States acting within the scope or color of that office pursuant to § 1442(a)(1), and (3) the party must be able to assert "a colorable claim of federal immunity or other federal defense[s]," *Mesa v. California,* 489 U.S. 121, 139, 109 S.Ct. 959, 970, 103 L.Ed.2d 99 (1989). Gorence argues that he satisfies all three requirements.[1]

1. Whether the subject action is civil, criminal or *sui generis.*

An overwhelming majority of courts have held that a disciplinary proceeding is neither criminal nor civil in nature. *See e.g., Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1435 (10th Cir.1984) (disciplinary action not a civil proceeding); *In re Daley,* 549 F.2d 469, 475 (7th Cir.), *cert. denied,* 434 U.S. 829, 98 S.Ct. 110, 54

---

**1.** Although the Court separates into three parts the requirements for federal officer removal, the Court remains aware that the three requirements are inter-related. Often, courts cannot discuss one requirement without hinting at, or directly discussing, another. *See e.g., State of*

*Wisconsin v. Schaffer,* 565 F.2d 961, 964 (7th Cir.1977) (court intermingles discussion of whether action was criminal or civil with discussion of whether federal officer raised colorable defense arising out of official duties).

L.Ed.2d 89 (1977) (disciplinary proceeding not a criminal prosecution); *In the Matter of John Doe, Esq.*, 801 F.Supp. 478, 481–84 (D.N.M.1992) (disciplinary action neither civil nor criminal in nature). *See also* Franklin D. Cleckley, *Clearly Erroneous: The Fourth Circuit's Decision to Uphold Removal of A State–Bar Disciplinary Proceeding Under The Federal–Officer Removal Statute*, 92 W.Va.L.Rev. 577, 621–29 (1990) (hereinafter *Cleckley*). A few courts have characterized disciplinary proceedings as either "special civil" proceedings or "quasi-criminal" in nature. *See e.g., In re Ruffalo*, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968) (disciplinary proceedings are adversary proceedings of a quasi-criminal nature); *Committee on Professional Ethics v. Bromwell*, 389 N.W.2d 854, 857 (Iowa 1986) (disciplinary proceedings are special civil proceedings for purposes of rules on admissibility of evidence). However, this Court finds that state bar disciplinary proceedings function not to determine whether an attorney's conduct violates criminal or civil law, but whether the attorney "retains the attribute of moral fitness which is requisite to the fulfillment of an attorney's responsibilities to the court which licensed him, as well as to the public." *In re Daley*, 549 F.2d at 475. Thus, this Court concludes that a disciplinary proceeding is *sui generis*.

Gorence contends that the label affixed to an action should not control so long as "[the action] clearly falls within the language and intent of [28 U.S.C. 1442]." *State of Wisconsin v. Schaffer*, 565 F.2d 961, 963 (7th Cir.1977) *citing North Carolina v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967). To this end, Gorence asserts that § 1442 should be construed broadly to effectuate its purpose and that disciplinary proceedings fit comfortably within this broad construction. The question then arises as to what is the purpose of 28 U.S.C. § 1442.

2. Whether the subject action fits within the purpose of 28 U.S.C. § 1442.

The most recent case of import analyzing federal-officer removal is *Mesa v. California*, 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). *Mesa* held that a federal officer may remove his or her action to federal court pursuant to § 1442 if he or she avers a federal defense. *Id.* at 129, 109 S.Ct. at 964. To "aver a federal defense," a federal officer must either (a) "cause[ ] it to appear that his defense was that in doing the acts charged he was doing no more than his duty under [federal law]," or (b) "exclude the possibility that [the action against the federal officer] was based on acts or conduct of [the federal officer's] not justified by his federal duty." *Id.* at 131–32, 109 S.Ct. at 966 *quoting Gay v. Ruff*, 292 U.S. 25, 34, 54 S.Ct. 608, 612, 78 L.Ed. 1099 (1934) *and quoting Maryland v. Soper (No. 1)*, 270 U.S. 9, 33, 46 S.Ct. 185, 190, 70 L.Ed. 449 (1926). Simply stated, *Mesa* holds that the federal officer must offer the Court some facts which support the claim that the officer was obligated to perform an official federal duty, and that the officer's actions arose out of those official duties.[2]

---

**2.** The Court expresses concern that a very fine line stands between deciding the jurisdictional issue at bar and deciding whether Gorence violated Rule 16–402 of the New Mexico Rules of Professional Conduct.

The issue of federal officer-removal and the ultimate issue of whether the federal officer violated the rules of professional conduct tend to merge under the *Mesa* analysis. *Mesa* clearly requires that the federal officer aver a federal defense to justify removal to federal court. Should the reviewing court decide the federal officer is unable to aver a federal defense, the action must be remanded to state court. However, to say that a federal officer is unable to aver a proper defense means either (1) the federal officer had no duty to act according to federal law, or (2) the federal officer acted outside the scope of his or her official duties. Arguably, in the instant case, Gorence violated Rule 16–402 because he was unable to persuade this Court that he could aver a federal defense regarding his contact with defendant Ellzey, i.e., he acted outside the scope of his official duties.

The deeper problem is that insightful authors like Professor Franklin Cleckley have difficulty imagining how a United States attorney may avail himself of a colorable federal defense to a state bar disciplinary proceeding. *Cleckley*, 92 W.Va.L.Rev. at 603–04. In his article, Cleckley asserts that, in *Kolibash*, "It is certain ... that there exists no federal law that requires a federal prosecutor to supervise subordinates in a

In support of the proposition that this Court should construe § 1442 broadly and that disciplinary proceedings fall within this broad construction, Gorence cites three cases. First, Gorence cites *North Carolina v. Carr*, 386 F.2d 129 (4th Cir.1967), in which the Fourth Circuit allowed a nonparty witness who was a federal officer in a state civil action to remove a contempt action brought against him by the state.[3] *Id.* at 131. Gorence urges that if the federal officer in *Carr* could remove his case to federal court, then this Court must allow Gorence to remove his case, *a fortiori.*

Second, Gorence cites *Wisconsin v. Schaffer*, 565 F.2d 961 (7th Cir.1977). In *Schaffer*, the Seventh Circuit allowed a United States Attorney to remove to federal court a contempt proceeding brought against him by the state. Citing *Carr* favorably, the *Schaffer* court held that removal was proper because the federal prosecutor was acting within the scope of his duties, regardless of how the state characterized the contempt proceeding. *Id.* at 963.

Finally, Gorence refers this Court to *Kolibash v. Committee on Legal Ethics of West Virginia Bar*, 872 F.2d 571 (4th Cir. 1989). In *Kolibash*, the Fourth Circuit held, *inter alia*, that a state bar's disciplinary action against a federal prosecutor constituted a "civil action or criminal prosecution;" and, that a United States attorney may aver colorable federal defenses—abso-

lute immunity, qualified immunity, supremacy clause, pre-emption and sovereign immunity—in seeking to remove a disciplinary proceeding to federal court. *Id.* at 575–76.

*Carr* and *Schaffer* are readily distinguished from the case at bar. The distinguishing feature derives from the fact that the issue before both courts was whether contempt proceedings brought against a federal officer could be removed to federal court. For example, in *Schaffer*, the Seventh Circuit reasoned that:

> [The federal officer's] refusal to comply with the subpoena was based on the proposition that he could not disclose the requested material without violating Rule 6(e) of the Federal Rules of Criminal Procedure. This rule prohibits his disclosure of grand jury transcripts unless done in the performance of his duties or unless directed by the district court. His defense to the charge of contempt thus was based on his duty under federal law.

565 F.2d at 964.

The reasoning employed in *Schaffer* makes little sense when applied to the case at bar. In *Schaffer*, the federal officer's "duty under federal law" derived from the Federal Rules of Criminal Procedure which prohibited him from complying with the state court's order to disclose. The federal officer could not comply with the state court's demand without violating his con-

---

manner prohibited by the state bar's code of professional ethics." *Id.* at 604. Similarly, there exists no federal law that requires Gorence to contact defendants in a manner prohibited by New Mexico's code of professional conduct. This line of thinking inexorably leads to the conclusion that a United States Attorney may never remove a disciplinary proceeding to federal court under § 1442.

Notwithstanding Cleckley's assertion, this Court reasons that the "fine line" between deciding the jurisdictional issue and deciding whether Gorence violated the state code of professional conduct must be drawn as follows. This Court's decision regarding whether it can hear the disciplinary proceeding at issue is a purely jurisdictional one. As such, it will carry no evidentiary weight in the subsequent state forum regarding whether Gorence violated Rule 16–402. In fact, even though this Court holds that Gorence is unable to aver a federal defense for purposes of conferring federal jurisdiction,

the state forum may decide, upon remand, that Gorence acted properly within the rules of professional conduct because he acted within the scope of his duties as a federal officer.

The two results are not inconsistent. This Court makes only a *di minimis* inquiry as to whether Gorence avers a colorable federal defense pursuant to 28 U.S.C. § 1442. By contrast, the state will decide substantively whether Gorence violated Rule 16–402 because it is the state which is in the best position to make such an evaluation.

3. Arguably, the *Carr* court's analysis is dicta because the private civil action from which the appeal arose settled while the case was on appeal. The *Carr* court concluded that "the issues on this review thus tender only moot questions and hence the appeal must be dismissed." 386 F.2d at 131.

**1238**

flicting duty pursuant to federal rules. As a result, the *Schaffer* court concluded that the federal officer raised a colorable federal defense arising out of his official duties under federal law. *Id.*

Unlike the federal officers in *Carr* or *Schaffer*, Gorence has no such conflict between federal and state rules. On the contrary, the federal and state rules are in harmony because Gorence retains a duty to investigate crimes in a manner entirely consistent with the state rules of professional conduct. In the recent case of *In the Matter of John Doe, Esq.*, 801 F.Supp. 478 (D.N.M.1992), Chief Judge Juan G. Burciaga provided a penetrating review of the same underlying arguments when he analyzed attorney Doe's assertion regarding whether the Supremacy Clause precluded states from enforcing state-derived ethical rules which are "inconsistent" with a federal prosecutor's duties. *Doe*, at 484–86. The *Doe* court found that United States Attorney Doe was unable to provide it with any federal law directly contradicting state ethical codes. Doe could not so provide because "the ban on communicating with a represented party is a *fundamental principle* of both state and federal law, is incorporated into federal law through the local rules, and has its roots in our common law tradition." *Id.* at 485. (emphasis added).

The Court observes that something more than mere black letter law is under scrutiny when a court describes a state rule of professional conduct as a "fundamental principle." The *Doe* court's use of such words indicates that our society, through the legal system, has decided that it is good public policy to make *all* attorneys uniformly subject to the applicable state code of professional conduct. The underlying public policy animating the *Doe* decision stands in stark contrast to the underlying policy driving decisions like *Schaffer*. In *Schaffer*, the state interest in having the federal officer disclose certain grand jury proceedings conflicted with a federal inter-

est, i.e., a federal rule of criminal procedure. 565 F.2d at 964. The conflict between state and federal interests belied a conflict of policies animating those interests. Under § 1442, Congress has properly determined that such a conflict may be resolved in federal court. When no such conflict exists, such as in the case at bar, a federal officer cannot aver federal defenses. Consequently, without conflict, no purpose exists for removing the action concerning the federal officer to federal court.

Furthermore, other courts have recognized various policy considerations which support leaving the power to regulate and review disciplinary proceedings to state courts.[4] These policy considerations include (1) consistency in procedure and punishment, (2) expertise in dealing with disciplinary matters, and (3) the already-burdensome caseload of federal courts. *See e.g., In re Snyder*, 472 U.S. 634, 643, 105 S.Ct. 2874, 2880, 86 L.Ed.2d 504 (1985); *Gipson v. New Jersey Supreme Court*, 558 F.2d 701, 703–04 (3d Cir.1977); *Anonymous v. Association of the Bar*, 515 F.2d 427, 432 (2d Cir.1975), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *see also Cleckley*, 92 W.Va.L.Rev. at 638–44.

The third case cited by Gorence, *Kolibash, supra*, is not binding authority upon this Court. For reasons outlined above, the Court holds that it need not follow *Kolibash*. *See e.g., Ernest F. Lidge III, Government Civil Investigations and The Ethical Ban On Communicating With Represented Parties*, 67 Ind.L.J. 549, 628–29, 629 n. 379 (1992); *Cleckley, supra*.

THEREFORE IT IS

ORDERED that the Disciplinary Board of the Supreme Court of the State of New Mexico's Motion to Remand be, and the same hereby is, GRANTED.

---

**4.** Interestingly, the Supreme Court has held that it has no authority to hear on appeal actions of a state supreme court in disbarring an attorney. *See e.g., Selling v. Radford*, 243 U.S. 46, 50–51, 37 S.Ct. 377, 379, 61 L.Ed. 585 (1917). If the

Supreme Court cannot review a disciplinary proceeding appealed to a state supreme court, then, logically, a federal court should not review the proceeding in the first instance. *Cleckley*, 92 W.Va.L.Rev. at 621.