991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL BUSINESS FACTORS, INC., Plaintiff-Appellant,
v.
Earvie ROLLINS, aka Earvie L. Rollins; Bridgette M.
Rollins, Defendants-Appellees.
 No. 91-16668.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1993.*
Decided April 22, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 National Business Factors, Inc. ("NBF"), a California debt collection service, appeals the district court's dismissal of its action to enforce a default judgment against two civilian employees of the Department of the Navy, Earvie L. Rollins and Bridgette M. Rollins, by garnishment of their wages. We affirm.
 
 
 3
 NBF attempted to collect money owed to the Brookside Hospital by Earvie L. Rollins and Bridgette M. Rollins for hospital services received in November of 1988. Earvie Rollins and Bridgette Rollins are civilian employees of the Department of the Navy at the Naval Supply Center in Oakland, California ("NSCO"). When the Rollinses did not pay NBF, it filed suit in the Municipal Court of California, County of Contra Costa, Bay District, to recover the amount due, $554.50, plus interest and attorney's fees. The court granted a default judgment to NBF for $880.19.
 
 
 4
 The sheriff for Alameda County issued a garnishment order to NSCO in an attempt to collect the judgment money. NSCO responded that it could not honor the order because it could not garnish the wages under federal law. NBF then served an order on the NSCO to appear for examination. The NSCO again did not honor the order. NBF served an additional order to appear, and suggested that an arrest warrant would be issued if NSCO failed to comply.
 
 
 5
 The United States Attorney then removed the case to federal district court and filed a motion to dismiss or, in the alternative, for summary judgment. The district court granted the motion to dismiss. The district court first ruled that under Nationwide Investors v. Miller, 793 F.2d 1044 (9th Cir.1986), the case was properly removed to federal court. It then ruled that compensation of public employees is not subject to garnishment, relying on Buchanan v. Alexander, 45 U.S. (4 How.) 20 (1846), and on Nationwide, supra.
 
 
 6
 On appeal, NBF argues that the Nationwide holding has been eroded by United States v. Van Cauwenberghe, 934 F.2d 1048 (9th Cir.1991). NBF also urges this court to allow the garnishment of wages of federal employees as a matter of sound public policy. We refuse to do so.
 
 
 7
 The district court was correct in applying Nationwide Investors v. Miller, supra. In that case, Nationwide obtained a state court judgment for unpaid rent against Miller, a civilian employee of the Army Air Force Exchange Service. It then sought an order from Sacramento Municipal Court to compel a federal employee in the Air Force to appear in court in connection with Nationwide's attempt to garnish Miller's wages. That employee removed the case to federal court, where the district judge quashed the order to appear and granted the motion to dismiss on the grounds of sovereign immunity. We agreed with the district court that the United States had not waived sovereign immunity in these circumstances. Id. at 1048.
 
 
 8
 United States v. Van Cauwenberghe, supra, does not overrule Nationwide and does not apply in this case. Van Cauwenberghe involved a defendant's Rule 41(e) motion for return of property in the district court. We held that the attachment of property in the registry of the court did not implicate sovereign immunity, because "the attachment of funds in which the government has absolutely no interest cannot be barred by the doctrine of sovereign immunity." Id. at 1063. The circumstances are completely different here. The government retains an interest in the wages it would pay to the Rollinses, and Van Cauwenberghe does not apply. See Buchanan, 45 U.S. at 20-21 ("So long as money remains in the hands of a disbursing officer, it is as much the money of the United States, as if it had not been drawn from the treasury.").
 
 
 9
 We decline to follow appellant's suggestion that we change the law of sovereign immunity. Nationwide is the law of this circuit. Only an en banc court has the power to reject our precedent unless some intervening Supreme Court opinion has undermined that precedent. Landreth v. C.I.R., 859 F.2d 643, 648 (9th Cir.1988). The Supreme Court cases on sovereign immunity do not contradict our holding in Nationwide. The Supreme Court has specifically stated that a waiver of sovereign immunity by the United States must be "unequivocally expressed." United States v. Nordic Village, Inc., 112 S.Ct. 1011, 1014 (1992) (citations omitted). The Supreme Court has identified such waivers of sovereign immunity in, e.g., the "sweeping language" of the Federal Tort Claims Act, see United States v. Yellow Cab Co., 340 U.S. 543, 547 (1951); in the "sue and be sued" clauses of some legislation, see, e.g., Franchise Tax Bd. of Cal. v. United States Postal Serv., 467 U.S. 512, 517-19 (1984); FHA v. Burr, 309 U.S. 242, 244-47 (1940); and in cases of alimony and child support, see 42 U.S.C. § 659. In Nordic Village, the Court explicitly stated that these exceptions do not "eradicate the traditional principle that the Government's consent to be sued must be 'construed strictly in favor of the sovereign.' " 112 S.Ct. at 1014-15 (internal quotations omitted).
 
 
 10
 Thus Supreme Court precedent supports our Nationwide ruling that "[t]he United States has waived its immunity to such actions only in cases of child support and alimony, 42 U.S.C. § 659, in cases involving postal workers, see 39 U.S.C. § 401(1), and in a few other isolated situations such as cases involving the Federal Housing Authority, see FHA v. Burr, 309 U.S. 242, 244 (1940)," but has not waived its immunity in garnishment actions of this type. 793 F.2d at 1048.
 
 
 11
 Appellant cites no authority in support of its argument that the United States has given an unequivocal waiver of its sovereign immunity in this situation. We refuse to create an exception to sovereign immunity for reasons of public policy.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3