Paula Casey, U.S. Atty. and Richard Pence, Asst. U.S. Atty., Little Rock, AR.

Heather Patrice Hogobrooks, Marianna, AR.

### ORDER

WILSON, District Judge.

The United States Attorney for the Eastern District of Arkansas has moved to quash subpoenas of Bryan K. Exum and Randolph Smith, employees of the Farmers Home Administration Lee County Office, to testify in the Circuit Court of Lee County, Arkansas. The case was removed to this court pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1442(a)(1).

Under 7 C.F.R. 1.214, an employee of the U.S. Department of Agriculture who is served with a subpoena on behalf of a party other than the United States in a case "in which the United States is not a party, may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA." Plaintiffs in this action subpoenaed Exum and Smith to testify in the Circuit Court of Lee County. However, the Department of Agriculture has not authorized the appearance and testimony of the employees. The U.S. Supreme Court has explicitly recog-

nized the authority of agency heads to restrict testimony of their subordinates by regulations such as the one cited above. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). Courts have reasoned that "The policy behind such prohibitions on the testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business." *Boron Oil Co. v. Downie,* 873 F.2d 67 (4th Cir.1989). Moreover, courts have ruled that government agencies' impartiality will be damaged if they support or give the appearance of supporting one side rather than the other in a case between private litigants. *Id.* at 69. In *Touhy,* the Supreme Court ruled that a subordinate official could not be held in contempt for refusing to obey a subpoena when his compliance had been prohibited by a higher level official, based on valid federal regulations. *Touhy,* 340 U.S. at 466–468, 71 S.Ct. at 418–420. Subsequent cases applied this principle to other executive departments, and in at least two cases the U.S. District Court for the Eastern District of Arkansas has upheld and enforced the USDA regulations relied upon in the instant case. *Boron,* supra; *Swett v. Schenk,* 792 F.2d 1447 (9th Cir.1986); *Crigler v. Whitehurst,* LR–C–89–522; *Renfro, et al. v. Swift Ekrich, Inc., et al,* LR–C–92–131.

Pursuant to the USDA regulations and controlling precedents, Exum and Smith cannot be compelled to testify without the agency's authorization. The U.S. Attorney's petition is granted, and the subpoenas served on Exum and Smith are hereby quashed.

The case is now remanded to the Circuit Court of Lee County, Arkansas.

It is so ordered.