**Robert and Maxine FERRELL,**
**Plaintiffs,**

v.

**Cynthia YARBERRY, Defendant.**

**No. H–C–93–129.**

United States District Court,
E.D. Arkansas, E.D.

Feb. 1, 1994.

Paula Casey, U.S. Atty., and Richard Pence, Asst. U.S. Atty., Little Rock, AR.

Heather Patrice Hogobrooks, Marianna, AR.

## ORDER

WILSON, District Judge.

The court has been apprised of the allegation of plaintiff's counsel, Heather Patrice Hogobrooks, that she did not receive notice of removal until January 19, 1994. The court takes note of the fact that the U.S. Attorney's Notice of Removal from State Court was dated December 10, 1993, and that the certificate of service lists Ms. Hogobrooks on it. However, out of an abundance of caution, the court will address plaintiff's motion of Jan. 27, 1994. In order to give consideration to this motion, the court will reconsider its earlier order, 848 F.Supp. 120, quashing the subpoenas and remanding this case to the Circuit Court of Lee County, Arkansas.

In its motion of Jan. 27, 1994, plaintiff contends that there is no basis for the removal in this case, and that the testimony of the USDA employees is being illegally blocked. Plaintiff is incorrect, for the case was removed pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1442(a)(1) and U.S. Supreme Court precedents. The case can be removed because the U.S. Supreme Court has held that the right of removal "is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal should not be frustrated by a narrow, grudging interpretation of 1442(a)(1)." *Arizona v. Manypenny,* 451 U.S. 232, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981) (citing *Willingham v. Morgan,* 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)). The Eighth Circuit has broadly construed Section 1442(a)(1) to allow removal in actions against a federal officer "for any act under color of such office." *Overman v. United States,* 563 F.2d 1287 (8th Cir., 1977). Courts have held that removal is not precluded by the fact that the federal official has not been held in contempt in the state lawsuit; in *State of Louisiana v. Sparks,* 978 F.2d 226 (5th Cir., 1992), the Fifth Circuit held that even though the federal employee in that case had not yet been held in contempt by the state court for not testifying, removal of the subpoena proceedings was proper. "To require [the federal employee] to run the risk of a contempt citation ... simply because he complies with his federal duty would be imprudent and defeat the larger purpose of the federal officer protection removal statute." *Sparks,* at 232. The Fifth Circuit observed that "the Supreme Court has for over two decades required a liberal interpretation of Section 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so." *Id.* Similarly, in the context of a civil case in which a federal employee was not a party and had not been held in contempt, the Ninth Circuit held that "She is not named as a defendant, but she is threatened with the state's coercive power" in the risk of being held in contempt. *Nationwide Investors v. Miller,* 793 F.2d 1044 (9th Cir., 1986). The court concluded that the risk that the federal official might be held in contempt fulfilled the prerequisite for removal of a civil action under 28 U.S.C. 1442(a)(1)[1] that the action be brought "against" a federal officer or agency; the threat of being held in contempt "fits under the broad category of actions 'brought against' a federal officer." *Nationwide Investors,* at 1045. As the Ninth Circuit concluded in another case:

---

**1.** Congress in 28 U.S.C. 1442(a)(1) provided for removal of any "civil action or criminal prosecution commenced in a State court against any ...

officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ..."

Because 28 U.S.C. 1442(a)(1) confers removal jurisdiction on the district courts in all situations in which federal officers can raise a colorable defense arising out of the exercise of their duties, see *Miller* at 1046, it avoids the extraordinarily difficult problem of ascertaining a basis for removability in those state court actions in which no federal officers are involved as defendants. *Guidry v. Durkin*, 834 F.2d 1465 (9th Cir., 1987).

The federal removal statute assures a federal forum in any case in which a federal official is entitled to raise a defense arising out of official duties; in this case, the two USDA employees can cite 7 C.F.R. 1.214 in opposing the subpoenas to testify about their work done in federal office. The federal employees worked on certain Farmers Home Administration documents, and now plaintiff wishes to ask the employees for their expert opinions and economic expertise concerning economic projections in the private dispute in which the parties became involved. Plaintiff further contends that 7 C.F.R. 1.214 does not provide a basis for the court's order. This contention is also incorrect: under 7 C.F.R. 1.214, an employee of the U.S. Department of Agriculture who is served with a subpoena on behalf of a party other than the United States in a case "in which the United States is not a party, may appear only if such appearance has been authorized by the head of his or her USDA agency, with the concurrence of the General Counsel, based upon a determination that such an appearance is in the interest of USDA." Plaintiffs in this action subpoenaed USDA employees Bryan Exum and Randolph Smith to testify in the Circuit Court of Lee County. However, the Department of Agriculture has not authorized the appearance and testimony of the employees. The U.S. Supreme Court has explicitly recognized the authority of agency heads to restrict testimony of their subordinates by regulations such as the one cited above. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

■ In *Touhy*, the Supreme Court ruled that a subordinate official could not be held in contempt for refusing to obey a subpoena when his compliance had been prohibited by a higher level official, based on valid federal regulations. *Touhy*, at 466–468, 71 S.Ct. at 418–19. Plaintiff is incorrect in the argument that preventing the USDA employees from testifying is unconstitutional, for this assertion is clearly refuted by *Touhy* and a line of similar cases. *See Boron Oil Co. v. Downie*, 873 F.2d 67 (4th Cir., 1989). *Swett v. Schenk*, 792 F.2d 1447 (9th Cir.1986); *Crigler v. Whitehurst*, LR–C–89–522 (E.D.Ark., 1992); *Renfro, et al. v. Swift Ekrich, Inc.*, LR–C–92–131 (E.D.Ark., 1993).

The court stands on the law cited in its previous order. Courts have consistently held that "The policy behind such prohibitions on the testimony of agency employees is to conserve governmental involvement in controversial matters unrelated to official business." *Boron*, supra. Plaintiffs are seeking testimony regarding economic analysis and projected economic losses; the USDA does not wish to be placed in the position of providing economic expertise or opinion testimony in private litigation. The United States District Court for the Eastern District of Arkansas has upheld and enforced the subject USDA regulations on at least two occasions. *Crigler*, supra; *Renfro*, supra. Federal government agencies' impartiality will be damaged if they support or give the appearance of supporting one side rather than the other in a case between private litigants. *Id.* at 69.

Plaintiff argues that the USDA brought about an "injunction to stay proceedings" through the removal procedure and the U.S. Attorney's motion to quash the subpoenas. This court did not issue an injunction of any kind, and plaintiff's argument is erroneous.

■ Once the basis for the removal is dropped—here, to resolve the issue regarding the effort to obtain testimony of the federal employees—it is within the discretion of the court to remand the rest of the case back to the state court from which it was removed. *Watkins v. Grover*, 508 F.2d 920 (9th Cir.1974). The other issues in this case involve state law and there is no diversity of citizenship.

The issues involved in this matter are strictly legal, and a hearing would serve no

purpose. Plaintiffs' arguments have been thoroughly considered and reconsidered by the court.

After reconsidering, the court re-affirms its earlier order granting the motion to quash the subpoenas. The case is remanded to the Circuit Court of Lee County, Arkansas.